IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER THIRTEEN |
|---|---|---|
| TIMOTHY L. CERULLO | : | BANKRUPTCY NO.: 5-05-bk-56385-JJT |
| a/k/a Timothy Leo Cerullo | : | |
| a/k/a Tim Cerullo, | : | {**Nature of Proceeding**: Post Confirmation |
| | : | Motion for Leave to Amend Chapter 13 |
| DEBTOR | : | Plan (Doc. #85)} |

# OPINION

The Debtor, Timothy Cerullo, has filed a request to modify his confirmed Chapter 13 plan under 11 U.S.C. § 1329. (Doc. #85) The Trustee has objected. (Doc. #90) While his brief testimony was somewhat ambiguous, it was no less credible. The Debtor scheduled a parcel of real estate that he owned and valued at $101,000 at the time of filing, (Doc. # 34), and which is no longer worth what he thought it was. Attempts to sell the property resulted in a steadily decreasing offering price so that the last listing was a mere $65,000. Because his plan payments were based on a liquidation analysis set forth in § 1325(a)(4), the Debtor realizes that he has paid significantly more to the Trustee than he would be required to pay if the liquidation analysis utilized current value. The testimony suggests that the reduction in the valuation was based on a combination of several factors including an erroneous valuation at the outset, a deterioration of the property over time, and falling market prices.

The issue is whether the Debtor can now modify the confirmed plan based on the current value of this asset.

The Chapter 13 Trustee is steadfast in his objection, insisting that once the liquidation value is set for purposes of confirmation, then no changes are permissible. The argument is

capsulized as follows: the Debtor filed Amended Schedules A and C on September 18, 2006. On those Schedules he valued the real estate in question at $101,000 and his exemption claim at $9,250 leaving $25,237 non-exempt equity after accounting for the mortgage balance. The minimum amount necessary to pay into the plan is specified in § 1325(a)(4). That subsection "requires" that amount be "not less than the amount that would be paid on such [unsecured] claim if the estate of the debtor were liquidated under chapter 7 of this title on such [effective] date." On that basis, the plan was originally confirmed. Just because valuation of the real estate is reduced, either by mistake, deterioration, or market fluctuations – it does not change the liquidation analysis originally calculated.

Statutorily, the Trustee's argument is not without foundation. Section 1329 discusses the circumstances under which a plan can be modified post confirmation. The statute provides that modification may be allowed on request of the debtor, trustee, or an unsecured creditor, but only for limited reasons, i.e.,

> **(1)** increase or reduce the amount of payments on claims of a particular class provided for by the plan;
> **(2)** extend or reduce the time for such payments;
> **(3)** alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan; or
> **(4)** reduce amounts to be paid under the plan by the actual amount expended by the debtor to purchase health insurance . . . .

In this case the Debtor seeks to reduce the amount paid into the plan under § 1329(a)(1). Section 1329(b)(1) provides that §§ 1322(a), 1322(b), and 1323©, as well as 1325(a), apply to modifications under § 1329(a). The Trustee submits that the provisions of § 1325(a) cannot be complied with since the valuation analysis is fixed at the time of confirmation in this case. The specific language of § 1325(a)(4) states that value is determined as of the *effective date of the*

*plan.* The Trustee has cited authority that there can only be one "effective date." *In re Gibson* 415 B.R. 735, 740 (Bkrtcy.D.Ariz. 2009). In fact, the term "effective date of the plan" has been defined by the United States Supreme Court as the confirmation date. *Hamilton v. Lanning*, 130 S.Ct. 2464, 2474, 177 L.Ed.2d 23 (2010). Nevertheless, compliance with § 1325(a) is only pivotal if such provision is mandatory. The Third Circuit Court of Appeals has concluded that this Section is not mandatory. *In re Szostek*, 886 F.2d 1405, 1412 (3rd Cir. 1989). *Szostek* goes on to note that the discretion to confirm a plan that does not conform to § 1325 lies with the bankruptcy court. In this vein, the Debtor has offered a very reasonable explanation why payments into the plan should be reduced from the original estimate. He simply can't sell the property for anything near what he thought it was originally worth. If he can't sell the property at the original estimated amount, it is fair to assume that a liquidating agent couldn't do it either. I conclude that the Debtor's modification to allow a reduced payment to the Trustee in satisfaction of the terms of the plan is acceptable because liquidation would not inure any greater benefit to the unsecured creditors.

    It is for these reasons that I will overrule the Trustee's objections.

    My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge
(CMS)

Date: October 16, 2012